PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MATTHEW WOLCOTT, *etc.*, *et al.* , ) | |
| ) | CASE NO. 4:16CV0316 |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| WILLIS OF OHIO, INC., *et al.*, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | [Resolving ECF No. 5] |

Pending is Defendants Certain Underwriters at Lloyd's, London (subscribing to Policy No. B0429VHP080059 and any and all renewal policies thereto), and Underwriters at Lloyd's, London (subscribing to Policy No. B0429VHP080059 and any and all renewal policies thereto) (collectively, "Underwriters") Motion to Dismiss (ECF No. 5) the Supplemental Complaint (ECF No. 1-2 at PageID #: 16-71) pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The Court has been advised, having reviewed the record, the parties' briefs[1] and the applicable law. For the reasons set forth below, the Court denies the motion.

---

[1] The "Claims Made Excess Liability Reinsurance Agreement" (Policy No. C090945) that was issued to Defendant Forum Health Insurance, Ltd. ("FHIL") for the period October 1, 2009 to October 1, 2010 (hereinafter "Policy No. C090945") (ECF No. 30) was filed under seal pursuant to ECF No. 28, which is the Marginal Order granting Underwriters' Motion for Leave to File Under Seal (ECF No. 25).

(4:16CV0316)

## I. Background

On December 30, 2015, Plaintiffs filed a Supplemental Complaint before the Trumbull County, Ohio Court of Common Pleas pursuant to Ohio Rev. Code § 3929.06[2] in Case No. 2011 CV 01512 against Underwriters, FHIL, and Lexington Insurance Company[3] seeking to collect on the judgment entry for medical malpractice in the amount of $28,745,991 against Nicole R. Prusky, RN under insurance policies for which these defendants are allegedly responsible. On February 10, 2016, Underwriters removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. *See* Notice of Removal (ECF No. 1).

## II. Standard of Review

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility

---

[2] Section 3929.06 allows a judgment creditor to bring suit to collect under a liability insurance policy insuring a judgment debtor. Specifically, § 3929.06(A)(1) provides that the plaintiff "is entitled as judgment creditor to have an amount up to the remaining limit of liability coverage provided in the judgment debtor's policy of liability insurance applied to the satisfaction of the final judgment." If the judgment debtor's insurer has not paid the judgment creditor within 30 days of the entry of final judgment, "the judgment creditor may file in the court that entered the final judgment a supplemental complaint against the insurer seeking the entry of a judgment ordering the insurer to pay the judgment creditor the requisite amount." § 3929.06(A)(2).

[3] Willis of Ohio, Inc. was also named as a New Party Defendant. On March 1, 2016, Plaintiffs filed a Notice of Dismissal of Willis of Ohio, Inc. Without Prejudice Under Fed. R. Civ. P. 41(a)(1)(A)(i) (ECF No. 17), which the Court approved. *See* ECF No. 18.

2

(4:16CV0316)

in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Twombly*, 550 U.S. at 556. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557 (brackets omitted).

### III. Analysis

Underwriters argues it did not issue any policy of insurance that insures, or otherwise covers, Judgment Debtor Nurse Prusky or her employer(s). Instead, it sold a reinsurance contract to FHIL with respect to coverages issued by FHIL to Forum Health. *See Covington v. Ohio. Gen. Ins. Co.*, 99 Ohio St.3d 117, 119 (2003) (reinsurance contract is not traditional insurance insuring against bodily injury or property damage, but is instead an agreement "to protect an insurer from

3

(4:16CV0316)

a business risk"). Memorandum in Support (ECF No. 5) at PageID #: 108. Underwriters declaration at PageID #: 109 of ECF No. 5 that "Plaintiffs allege in their Supplemental Complaint [that] Underwriters issued only a reinsurance contract" is simply not true. Nowhere in the Supplemental Complaint (ECF No. 1-2 at PageID #: 16-71) do Plaintiffs allege that Underwriters "issued only a reinsurance contract." Even a cursory review of the affirmative pleading reveals that it contains specific allegations that Underwriters issued both excess liability and umbrella liability insurance to Forum Health and/or Trumbull Memorial Hospital and/or any of their affiliated entities under whom Nurse Prusky was employed and acting on behalf of. ECF No. 1-2 at PageID #: 21, ¶ 15(c); 20, ¶ 14; 23-24, ¶¶ 20-21; *see also* ECF No. 1-2 at PageID #: 19, ¶ 7.[4]

Moreover, Policy No. C090945 (ECF No. 30), produced by Underwriters after Plaintiffs filed their Memorandum in Opposition (ECF No. 16), is different than Excess Liability Policy No. B0429VHP080059[5] referenced in the Supplemental Complaint (ECF No. 1-2 at PageID #: 16-71). According to Plaintiffs, as of April 4, 2016, Underwriters had not yet identified whether

---

[4] Plaintiffs argue that their allegations are also supported by the representations made to the bankruptcy court in *In re: Forum Health*, No. 4:09-bk-40795-kw (Bankr. N.D. Ohio filed March 16, 2009) that Underwriters provided "Reinsurance - Excess Liability" insurance coverage to Forum Health. *See, e.g.*, ECF No. 16-2 at PageID #: 185 and 187-202. Forum Health (Trumbull Memorial Hospital) stated in a motion filed in the bankruptcy court that Underwriters provide "excess . . . hospital professional" coverage. ECF No. 16-2 at PageID #: 190.

[5] This Policy No. appears to have been derived from the exhibit which Forum Health submitted to the bankruptcy court. *See* ECF No. 16-2 at PageID #: 185. As of April 1, 2016, Underwriters had not produced this policy and all renewals to it. Although Underwriters declares that it "'expired' on September 30, 2009." Reply Memorandum (ECF No. 27) at PageID #: 234 n.2.

(4:16CV0316)

any tail or extended coverage or reporting endorsements exist with respect to Policy No. C090945, or whether any other policies, coverages or extended coverage or reporting endorsements were issued by Underwriters to either Forum Health or its successor after Policy No. C090945.  Surreply (ECF No. 40) at PageID #: 595 n.1, 600.

By its own governing terms, Policy No. C090945 appears to be a claims made insurance policy that provides, at a minimum, excess liability insurance for "Medical Incidents," including nursing care, involving either Forum Health and Trumbull Memorial Hospital or any of their employees for negligent acts committed in the course and scope of their employment.  It is expressly identified as an "EXCESS HEALTH CARE PROVIDER'S LIABILITY POLICY" (ECF No. 30 at PageID #: 260), not simply reinsurance, and Forum Health and Trumbull Memorial Hospital Foundation, Judgment Debtor Nurse Prusky's employers, are listed as Named Insureds.  *See* Item 1 of the Declarations showing the "NAMED INSURED" (ECF No. 30 at PageID #: 280) and ENDORSEMENT NO. 5 styled "SCHEDULE OF NAMED INSUREDS" (ECF No. 30 at PageID #: 287).  More significantly, Policy No. C090945 defines "Insureds" for medical liability coverage purposes to include "any employee of the NAMED INSURED, except an intern, resident or a licensed physician acting as such, whilst acting within the scope of the EMPLOYEE's duties as such."  Definition 1(G), definition of "insured" (ECF No. 30 at PageID #: 262-63).  Coverage is provided for "Medical Incidents," which is defined to include nursing care.  Policy Definitions 5 and  8 (ECF No. 30 at PageID #: 263-64).

The Court concludes the Supplemental Complaint (ECF No. 1-2 at PageID #: 16-71) contains sufficient factual allegations which, when accepted as true and construed in Plaintiffs'

5

(4:16CV0316)

favor, set forth viable claims against Underwriters upon which relief can be granted. Underwriters, however, is not barred from asserting again the argument that it did not issue a liability insurance policy to Judgment Debtor Nurse Prusky or her employer(s) after discovery has been completed and the Court has all of the pertinent language from the policy or policies and related documents.

### IV. Conclusion

Because Plaintiff has pled sufficient facts pursuant to Fed. R. Civ. P. 8(a)(2) to state a claim that Underwriters issued both excess liability and umbrella liability insurance, Defendants Certain Underwriters at Lloyd's, London (subscribing to Policy No. B0429VHP080059 and any and all renewal policies thereto), and Underwriters at Lloyd's, London (subscribing to Policy No. B0429VHP080059 and any and all renewal policies thereto)'s Motion to Dismiss (ECF No. 5) is denied.

Responses to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents (ECF No. 1-2 at PageID #: 72-81) shall be provided within 30 days after the Case Management Conference is held.

    IT IS SO ORDERED.

 April 14, 2016                               */s/ Benita Y. Pearson*
Date                                          Benita Y. Pearson
                                               United States District Judge