PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MATTHEW WOLCOTT, *etc.*, *et al.* , ) | |
| ) | CASE NO.  4:16CV0316 |
| Plaintiffs, ) | |
| ) | |
| v.           ) | JUDGE BENITA Y. PEARSON |
| ) | |
| WILLIS OF OHIO, INC., *et al.*, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | [Resolving ECF Nos. 37 and 51] |

Pending are Defendant Forum Health Insurance Ltd.'s ("FHIL") Motion to Dismiss (ECF No. 37), filed on March 31, 2016, and Plaintiffs' Motion for Leave to File an Amended [Supplemental] Complaint (ECF No. 51), filed on April 27, 2016.  The Court has been advised, having reviewed the record, the parties' briefs and the applicable law.  The Court has also considered the oral statements of counsel offered during the Telephonic Status Conference.  For the reasons set forth below, the Court grants Plaintiffs' motion without opposition and denies FHIL's motion without prejudice.

(4:16CV0316)

# I. Background

On December 30, 2015, Plaintiffs filed a Supplemental Complaint[1] before the Trumbull County, Ohio Court of Common Pleas pursuant to Ohio Rev. Code § 3929.06[2] in Case No. 2011 CV 01512 against Certain Underwriters at Lloyd's, London (subscribing to Policy No. B0429VHP080059 and any and all renewal policies thereto), and Underwriters at Lloyd's, London (subscribing to Policy No. B0429VHP080059 and any and all renewal policies thereto) (collectively, "Underwriters"), FHIL, and Lexington Insurance Company[3] seeking to collect on the judgment entry for medical malpractice in the amount of $28,745,991 against Nicole R. Prusky, RN under insurance policies for which these defendants are allegedly responsible.  On February 10, 2016, Underwriters removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  *See* Notice of Removal (ECF No. 1).

---

[1] ECF No. 1-2 at PageID #: 16-71.

[2] Section 3929.06 allows a judgment creditor to bring suit to collect under a liability insurance policy insuring a judgment debtor.  Specifically, § 3929.06(A)(1) provides that the plaintiff "is entitled as judgment creditor to have an amount up to the remaining limit of liability coverage provided in the judgment debtor's policy of liability insurance applied to the satisfaction of the final judgment."  If the judgment debtor's insurer has not paid the judgment creditor within 30 days of the entry of final judgment, "the judgment creditor may file in the court that entered the final judgment a supplemental complaint against the insurer seeking the entry of a judgment ordering the insurer to pay the judgment creditor the requisite amount."  § 3929.06(A)(2).

[3] Willis of Ohio, Inc. was also named as a New Party Defendant.  On March 1, 2016, Plaintiffs filed a Notice of Dismissal of Willis of Ohio, Inc. Without Prejudice Under Fed. R. Civ. P. 41(a)(1)(A)(i) (ECF No. 17), which the Court approved.  *See* ECF No. 18.

(4:16CV0316)

## II. Motion for Leave

Plaintiffs attached to their motion the proposed Amended Supplemental Complaint Under R.C. 3929.06 (ECF No. 51-1). In their proposed amendment, Plaintiffs seek to expand upon their allegations regarding the liability insurance afforded under FHIL's policy, along with additional factual allegations regarding FHIL's "notice" issue. ECF No. 51 at PageID #: 664. FHIL does not oppose Plaintiffs' motion. Response (ECF No. 58) at PageID #: 1088.

Fed. R. Civ. P. 15(a)(2) mandates that leave to amend shall be freely given "when justice so requires." As stated by the Supreme Court:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc,—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *Brown v. Chapman*, 814 F.3d 436, 442-43 (6th Cir. 2016). Under Rule 15(a), the court has discretion in allowing amendments. *Robinson v. Mich. Consol. Gas Co.*, 918 F.2d 579, 591 (6th Cir. 1990) ("Decisions as to when justice requires amendment are left to the sound discretion of the trial judge.").

For good cause shown, Plaintiffs' motion is granted without opposition. Plaintiffs' Amended Supplemental Complaint Under R.C. 3929.06 (ECF No. 51-1) is deemed filed as of today, October 12, 2016.

(4:16CV0316)

### III.  Motion to Dismiss

FHIL argues the claims made liability insurance policy at issue[4] does not provide coverage for a judgment against Nurse Prusky and no claim was made during the policy period. ECF No. 37 at PageID #: 349.  FHIL's motion, however, predates the Amended Supplemental Complaint Under R.C. 3929.06 (ECF No. 51-1), which supersedes the Supplemental Complaint (ECF No. 1-2 at PageID #: 16-71) to which the motion is directed.  See *Clark v. Johnston*, 413 Fed.Appx. 804, 811 (6th Cir. 2011) (citing 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1476 (3d ed. 2010) (stating that "[a] pleading that has been amended under Rule 15(a) supersedes the pleading it modifies" and that "[o]nce an amended pleading is interposed, the original pleading no longer performs any function in the case"); *see also Drake v. City of Detroit, Michigan*, 266 Fed.Appx. 444, 448 (6th Cir. 2008) (stating that a prior "complaint is a nullity, because an amended complaint [supersedes] all prior complaints").

Accordingly, FHIL's motion is denied without prejudice because it is moot due to the filing of the Amended Supplemental Complaint Under R.C. 3929.06 (ECF No. 51-1).  See *Calvert v. GNC Corp.*, No. 4:13CV1697 (N.D. Ohio Oct. 30, 2013) (Pearson, J.).[5]

Plaintiffs allege that both Forum Health and its insurer, FHIL, had sufficient notice that the underlying medical incident involving Nathan Wolcott's birth-related injuries was reasonably expected to give rise to a future claim or lawsuit against various Forum Health insureds involved

---

[4]  Policy No. HPL/EPL 1002/2009-10 (ECF No. 1-2 at PageID #: 29-70).

[5]  FHIL acknowledges that to the extent the Court grants Plaintiffs' motion, FHIL's motion is moot.  Reply Memorandum (ECF No. 60) at PageID #: 1094.

4

(4:16CV0316)

in Nathan's care, including Nurse Prusky.  ECF No. 51-1 at ¶¶ 21-23.  FHIL responds in its reply memorandum that Nurse Prusky did not give it notice of the lawsuit and no one asked FHIL to cover her defense until after final judgment was rendered.  ECF No. 60 at PageID #: 1096.  Such an argument is more appropriate for a motion for summary judgment, not a motion to dismiss.  A plaintiff is not required to affirmatively demonstrate at the pleading stage that a claim was made during the policy period because that would require the plaintiff to overcome a motion for summary judgment in his complaint.  Instead, a plaintiff is only required to allege a set of facts which, if proven, would plausibly allow him to recover.  See *Shively v. Green Local Sch. Dist. Bd. of Educ.*, 579 Fed.Appx. 348, 359 (6th Cir. 2014) (citing *Mohat v. Horvath*, No. 2013-L-009, 2013 WL 5450296, at *5 (Ohio App. 11th Dist. Sept. 30, 2013)).

### IV.  Conclusion

Defendant Forum Health Insurance LTD's Motion to Dismiss (ECF No. 37) is denied without prejudice.

Plaintiffs' Motion for Leave to File An Amended [Supplemental] Complaint (ECF No. 51) is granted without opposition.  Plaintiffs' Amended Supplemental Complaint Under R.C. 3929.06 (ECF No. 51-1) is deemed filed as of today, October 12, 2016.

   IT IS SO ORDERED.

| | |
|---|---|
|  October 12, 2016 |  */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |